IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL ACTION NO. |
| ) | 3:09cr167-MHT |
| COREY KENTAVIOUS ) | (WO) |
| McCULLOUGH, EARL KELLEY ) | |
| McCULLOUGH, and MARIO ) | |
| CHANTIE McCULLOUGH ) | |

OPINION AND ORDER

This cause is before the court on motions to continue filed by defendants Corey Kentavious McCullough, Earl Kelley McCullough, and Mario Chantie McCullough.  For the reasons set forth below, the court finds that jury selection and trial, now set for January 19, 2010, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  § 3161(h)(7)(A).  In granting such a continuance, the court shall consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

2

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and each the McCullough defendants in a speedy trial.  Each has represented through counsel, either in his motion for continuance or orally in a conference with the court, that he is actively involved in plea negotiations and does not believe the parties will be able to resolve the case prior to the scheduled trial date of January 19, 2010.  For each defendant, said negotiations involve the proffer of information to the government by that defendant.  Each defendant's counsel claims that the nature and extent of his client's cooperation is relevant to the terms of any plea agreement and that said cooperation cannot adequately be received, investigated, and evaluated by the government by the scheduled trial date.  For each defendant, the government agrees with defense counsel's assessment of the on-going plea negotiations.

Accordingly, it is ORDERED as follows:

(1) The motions to continue (doc. nos. 47, 49, and 50) filed by defendants Corey Kentavious McCullough, Earl Kelley McCullough, and Mario Chantie McCullough are granted.

(2) The jury selection and trial are continued to April 12, 2010, at 10:00 a.m. at the Federal Courthouse in Opelika, Alabama.

DONE, this the 5th day of January, 2010.

                     /s/ Myron H. Thompson
                 UNITED STATES DISTRICT JUDGE